**COMMERCIAL FISHERIES ENTRY COMMISSION, State of Alaska, Appellant,**

v.

**John EIDE and Winifred Bauge, Appellees.**

**Nos. 4623, 4624.**

Supreme Court of Alaska.

April 4, 1980.

Jonathan K. Tillinghast, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for appellant.

J. P. Tangen and Pamela Finley, Robertson, Monagle, Eastaugh & Bradley, Juneau, for appellees.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and BURKE, JJ., and DIMOND, Senior Justice.

**OPINION**

PER CURIAM.

These appeals raise the same issues as *Commercial Fisheries Entry Commission v.*

*Apokedak,* 606 P.2d 1255 (Alaska, 1980). For the reasons set forth in our opinion in that case, the order of the superior court reversing the decisions of the Commercial Fisheries Entry Commission which denied the appellees' applications for limited entry permits is reversed.[1]

REVERSED.

MATTHEWS, J., not participating.

---

1. We note that it is alleged that appellee Winifred Bauge fished with Arnold Bauge, a gear licensee, from 1960 until his death in 1972, and that they lived together as husband and wife, although not legally married. Winifred Bauge apparently has been held to be the owner of the vessel and gear fished by Arnold Bauge and her, although she never fished as a gear licensee. The issues of whether she is entitled to apply for a gear license as representative of his estate, and the validity of the provisions of 20 AAC 05.530, which although authorizing applications by representatives of estates of individuals who were eligible to apply for entry permits limits such applications to instances when the death of such individuals occurred after specified dates, are not before us.